I concur in the majority's ruling under both of appellant's assignments of error but write separately under appellant's first assignment of error.
The standard of review we have employed in the past when reviewing a trial court's characterization of property as separate or marital has been, at times, an abuse of discretion standard. See Hamblin v. Hamblin (Oct. 18, 1993), Butler App. Nos. CA93-03-044 and CA93-03-048, unreported, and Wells v. Wells (May 8, 1989), Butler App. No. CA88-04-050, unreported. We have now concluded, and I think correctly so, that the abuse of discretion standard is not the proper standard to review a trial court's characterization of property as separate or marital, and that a weight of the evidence standard is correct.
Under such standard, a trial court's characterization of property as separate or marital would not be reversed as being against the manifest weight of the evidence if the court's judgment was supported by some competent, credible evidence.Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159. I recognize that this standard of review is deferential (although not as deferential as the abuse of discretion standard), as even some evidence is sufficient to sustain the judgment and prevent a reversal. However, it is worth remembering that "[a] reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony." Id.